**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                    No. 96-4950

RODNEY GAITHER,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Joseph F. Anderson, Jr., District Judge.
(CR-96-15)

Submitted: October 21, 1997

Decided: November 17, 1997

Before MURNAGHAN and ERVIN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

John A. O'Leary, Columbia, South Carolina, for Appellant. Marshall
Prince, OFFICE OF THE UNITED STATES ATTORNEY, Colum-
bia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Pursuant to a plea agreement, Rodney Gaither pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (1994), and waived his rights to appeal his conviction and sentence. The district court sentenced Gaither to 120 months imprisonment--the statutory mandatory minimum sentence--to be followed by a five-year term of supervised release. Gaither appeals his sentence. Gaither's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal. In subsequent submissions to the court, Gaither states that he thought his guilty plea would result in a sentence of five and one-half years imprisonment and that he was entitled to a sentence reduction based upon his full cooperation with the authorities. Because Gaither expressly waived his right to appeal, we dismiss the appeal.

The transcript of Gaither's Fed. R. Crim. P. 11 hearing reveals that he understood the full significance of the waiver provision of his plea agreement.[1] When the district court specifically asked Gaither about the waiver, Gaither stated that he understood he was waiving his right to appeal. On these facts, we find that Gaither's waiver is knowing and intelligent.[2] Accordingly, we dismiss the appeal.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

_____

[1] **See United States v. Broughton-Jones**, 71 F.3d 1143, 1146 (4th Cir. 1995) (waiver valid if knowing and intelligent).
[2] **United States v. Wessells**, 936 F.2d 165, 167 (4th Cir. 1991); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990).

2